OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 The issue on appeal is whether the State is collaterally estopped from prosecuting the defendant for sexual abuse in the first degree following a probation revocation hearing that terminated in his favor. We affirm the order of the Appellate Division holding that collateral estoppel did not prevent prosecution on the indictment.
 

 On August 2, 1995, defendant pleaded guilty to a charge of sexual abuse of a child and was sentenced to five years’ probation. On September 1, 1997, defendant allegedly sexually abused a six-year-old girl in his care. As a result, a declaration of delinquency charged defendant with violating his probation. Defendant was subsequently indicted on one count of first degree sexual abuse of a minor (Penal Law § 130.65), and one count of endangering the welfare of a child (Penal Law § 260.10). Only the sexual abuse count is before us.
 

 A probation revocation hearing was held in Supreme Court. On September 3, 1998, the court found that the People had not proven by a preponderance of the evidence that defendant violated his probation. Four months later, on January 5, 1999, Supreme Court granted defendant’s motion to dismiss the sexual abuse count of the indictment on collateral estoppel grounds. The Appellate Division reversed, holding that the doctrine of collateral estoppel did not preclude trial of that count.
 

 
 *952
 
 Collateral estoppel, or issue preclusion, applies in criminal prosecutions “to bar relitigation of issues necessarily resolved in defendant’s favor at an earlier trial”
 
 (People v Acevedo,
 
 69 NY2d 478, 484-485;
 
 see also, People v Lo Cicero,
 
 14 NY2d 374, 380). These principles, however, are not to be liberally applied in criminal cases. As we stated in
 
 People v Fagan
 
 (66 NY2d 815, 816):
 

 “Strong policy considerations militate against giving issues determined in prior litigation preclusive effect in a criminal case, and indeed we have never done so
 
 (see, People v Plevy,
 
 52 NY2d 58, 65, n 4). The correct determination of guilt or innocence is paramount in criminal cases
 
 (People v Berkowitz,
 
 50 NY2d 333, 345), and the People’s incentive to litigate in a felony prosecution would presumably be stronger than in a parole revocation proceeding.”
 

 (See also, People v Goodman,
 
 69 NY2d 32, 37.)
 

 Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley and Rosenblatt concur.
 

 Order affirmed in a memorandum.