■ In the Matter of ERIC KELLY, Petitioner, v J. MICHAEL BRUHN, as County Judge of Ulster County, et al., Respondents. [771 NYS2d 561]—

Rose, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to prohibit respondents from trying petitioner in the County Court of Ulster County on an indictment charging him with sodomy in the third degree.

Following trial on six charges of sodomy and sexual abuse arising out of a 1998 incident involving a 15-year-old girl, the then 31-year-old petitioner was convicted of sodomy in the third degree only. Unlike each of the other charges, the charge of sodomy in the third degree did not require proof of forcible compulsion or lack of consent (*compare* Penal Law § 130.50 [1], § 130.65 [1] and § 130.55, *with* Penal Law § 130.40 [2]). On appeal, we found that one of the trial court's rulings required reversal and a new trial (*People v Kelly*, 288 AD2d 695 [2001], *lv denied* 97 NY2d 756 [2002]). When the People sought to retry the statutory sodomy charge, petitioner moved for dismissal on double jeopardy grounds. Respondent County Judge denied the motion and petitioner commenced this CPLR article 78 proceeding in the nature of prohibition on the grounds that statutory and constitutional principles of double jeopardy, as well as the doctrine of collateral estoppel, bar a retrial.

Petitioner's argument that a retrial will violate CPL 40.20 (2) is meritless. Where, as here, "proceedings [constituting a prior prosecution] are subsequently nullified by a court order . . . which directs a new trial of the same accusatory instrument, the nullified proceedings do not bar further prosecution of such offense under the same accusatory instrument" (CPL 40.30 [3]; *see People v Adames*, 83 NY2d 89, 93 [1993]; *People v Gonzalez*, 81 AD2d 838, 839 [1981], *lv denied* 54 NY2d 834 [1981]).

Nor is there any merit to petitioner's claim that a retrial is barred by constitutional double jeopardy principles. Such principles do not prevent successive prosecution of two offenses arising out of the same transaction where, as here, "each of the offenses contains an element which the other does not" (*People v Wood*, 95 NY2d 509, 513 [2000]; *see Matter of Sharpton v Turner*, 170 AD2d 43, 45-46 [1991], *appeal dismissed* 78 NY2d 1071 [1991], *lv denied* 79 NY2d 752 [1991]). Inasmuch as the charge on which petitioner will be retried does not include the element of forcible compulsion or lack of consent, but does include two elements missing from each of the charges of which he was acquitted, namely that the actor be 21 years old or older and the victim be less than 17 years old, there is no constitutional double jeopardy bar to a retrial.

Finally, while collateral estoppel would preclude the People from relitigating whether petitioner's sexual contact with the victim was forcible, we cannot agree that this estoppel prohibits a retrial here (*see People v Hilton*, 95 NY2d 950, 952 [2000]; *People v Acevedo*, 69 NY2d 478, 484-485 [1987]; *People v Goodman*, 69 NY2d 32, 37 [1986]). The jury's verdict in the first trial reflected a finding that neither forcible compulsion nor lack of consent had been proven beyond a reasonable doubt. Since neither forcible compulsion nor lack of consent is an element of the remaining sodomy charge, petitioner has not demonstrated that the prior acquittals " 'necessarily decided a particular factual issue' to be decided in any retrial" (*Matter of Baim v Eidens*, 279 AD2d 787, 789-790 [2001], quoting *People v Acevedo, supra* at 487). While petitioner also argues that, at a second trial, the People's case will have to include evidence of forcible compulsion, we disagree because, at the second trial, the prosecution clearly could elicit the victim's testimony concerning her age and the contact between petitioner's penis and her mouth without necessarily eliciting testimony of force (*see* Penal Law § 130.40 [2]).

It is clear that petitioner's real concern is the dilemma he allegedly will face if he attempts to use his prior acquittals to impeach the victim's testimony at the second trial. Such a dilemma would have no double jeopardy or collateral estoppel ramifications because no forcible compulsion offense will be submitted to the jury at the second trial. Thus, petitioner has shown no basis to prohibit a retrial of the remaining charge against him.

Spain, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Adjudged that the petition is dismissed, without costs.