■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES A. STEWART, Appellant. [798 NYS2d 570]—

Crew III, J. Appeal from a judgment of the County Court of Cortland County (Smith, J.), rendered February 25, 2002, upon a verdict convicting defendant of the crimes of sexual abuse in the first degree, rape in the first degree (two counts), sodomy in the first degree (two counts) and endangering the welfare of a child.

As the result of incidents that occurred on April 22, 2000, defendant was indicted and charged with two counts of rape in the first degree, two counts of sodomy in the first degree, sexual abuse in the first degree and endangering the welfare of a child. Following a jury trial, at which the nine-year-old victim testified, defendant was convicted as charged and sentenced to an aggregate term of 14 years in prison. Defendant now appeals.

Initially, we reject defendant's contention that the verdict was unsupported by legally sufficient evidence and was against the weight of the evidence. In that regard, defendant places great emphasis on the victim's recollection of the events, highlighting various inconsistencies in her testimony. Initially, we note that the cited inconsistencies are irrelevant to the material elements of the crimes with which defendant was charged. We also note that "it is not uncommon for young children to be uncertain and even inconsistent in their trial testimony" (*People v Raymo*, 19 AD3d 727, 728 [2005]). In the final analysis, the inconsistencies complained of by defendant merely presented a credibility issue for the jury, which was resolved in favor of the victim.

We do, however, find merit in defendant's contention that County Court erred in failing to grant his motion for a mistrial after the prosecution, on its direct case, elicited evidence that defendant refused to talk with a Cortland County Sheriff's Lieutenant about the incident in question. It is axiomatic that the People may not use a defendant's silence against him or her on their direct case (*see People v Conyers*, 49 NY2d 174, 177 [1980], *vacated on other grounds* 449 US 809 [1980], *adhered to on remand* 52 NY2d 454 [1981]). We further are of the view that the error here is not harmless (*see People v Crimmins*, 36 NY2d 230 [1975]), because the only evidence of defendant's implication in the charged crimes was the testimony of the nine-year-old victim. There was no medical evidence that the victim

exhibited signs of penetration or other trauma, and the rape kit analysis failed to provide accusatory DNA evidence, semen or spermicidal lubricant. Quite clearly, the quantum and nature of the proof at bar does not overwhelmingly evince defendant's guilt, and we simply cannot say that there is no reasonable possibility that the error might have contributed to defendant's conviction (*see id.* at 237).

We likewise believe that County Court committed reversible error in denying defendant's request to submit the issue of venue to the jury as a fact issue. It is axiomatic that a defendant has a right to be tried in the county where the alleged crime was committed (*see People v Ribowsky*, 77 NY2d 284, 291 [1991]), and the People have the burden to prove, by a preponderance of evidence, that the county where the crime is prosecuted is, in fact, the proper venue (*see People v Greenberg*, 89 NY2d 553, 555-556 [1997]). Accordingly, where a request to charge as to venue is made, "it is improper for the trial court to refuse to submit the factual issue to the jury—even if the defendant does not contradict the People's proof with respect [thereto]" (*id.*). Here, the proof at trial with respect to venue was equivocal. The crimes allegedly took place in defendant's vehicle, and the victim did not know precisely where she was when the crimes were committed. While this might well invoke the private motor vehicle exception (*see* CPL 20.40 [4] [g]), that too should have been submitted to the jury as a question of fact.

Accordingly, the judgment of conviction is reversed, and this matter is remitted for a new trial. In light of this conclusion, we need not address the remaining issues raised by defendant on appeal, except to note that defendant's assertion that the testimony provided by Sheriff's Investigator Sherry Boone improperly bolstered the victim's testimony is lacking in merit.

Cardona, P.J., Spain, Carpinello and Kane, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Cortland County for a new trial.