■ In the Matter of ROBERT GORGHAN, Petitioner, v PATRICIA DeAngelis, as District Attorney of Rensselaer County, et al., Respondents. [808 NYS2d 787]—

Mugglin, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to prohibit respondents from trying petitioner in the County Court of Rensselaer County on an indictment charging him with, inter alia, rape in the first degree.

We reversed petitioner's 2001 conviction because he was denied his right to a fair trial by pervasive prosecutorial misconduct (*People v Gorghan*, 13 AD3d 908 [2004], *lv dismissed* 4 NY3d 798 [2005]), and we remitted the case to the County Court of Rensselaer County for a new trial and other necessary proceedings. Thereafter, County Court (Czajka, J.) summarily denied petitioner's motion which sought an order prohibiting

retrial based on double jeopardy grounds and petitioner initiated this proceeding. By order of this Court, all further proceedings in County Court have been stayed pending this decision.

We begin with three preliminary observations. First, a writ of prohibition lies to present a double jeopardy claim (*see Matter of Di Lorenzo v Murtagh*, 36 NY2d 306, 309-310 [1975]; *Matter of Owen v Harrigan*, 131 AD2d 20, 21-22 [1987], *lv denied* 70 NY2d 616 [1988]). Second, although petitioner's brief on direct appeal included a conclusory assertion that retrial should be barred by double jeopardy, he ultimately argued that prosecutorial misconduct warranted reversal and a new trial. As a result, we did not directly address the double jeopardy issue on direct appeal and, therefore, review of the issue is not barred by the principles of either res judicata or collateral estoppel. Third, as no mistrial motion was granted, and a verdict was reached, those cases which discuss whether a defendant's right to have the trial completed by the selected tribunal are not implicated (*see e.g. People v Catten*, 69 NY2d 547, 554 [1987]). Even if a mistrial motion is granted, reprosecution is not barred by double jeopardy principles unless it can be discerned that the misconduct was done in such bad faith as to have as its purpose the provoking of defendant's motion (*see generally Matter of Potenza v Kane*, 79 AD2d 467, 470 [1981], *lv denied* 53 NY2d 606 [1981]). In any event, this record reveals a prosecutor bent on securing a conviction, not one seeking to provoke defendant into moving for a mistrial.

Turning then to the merits, petitioner invokes the Double Jeopardy clauses in the Fifth Amendment of the US Constitution and NY Constitution, article I, § 6 as a bar to reprosecution. These constitutional provisions are intended to protect a criminal defendant from repeated prosecutions for the same offense (*see Oregon v Kennedy*, 456 US 667, 671 [1982]). The prohibition against multiple prosecutions for the same offense is "designed to protect the individual's basic human right not to be harassed or perhaps impoverished by successive prosecutions for the same offense either by means of multiple trials, multiple punishments or deliberate efforts by the prosecution to find a court or jury that will convict the defendant" (*Matter of Potenza v Kane, supra* at 468-469; *see Oregon v Kennedy, supra* at 671). Nevertheless, the usual relief for prosecutorial misconduct resulting in an unfair trial, whether the verdict is nullified by the trial court or reversed on appeal, is a retrial (*see People v Adames*, 83 NY2d 89, 90-91 [1993]; *see also* CPL 40.30 [3]; 470.20 [1]).

In *People v Adames* (*supra* at 91), the Court of Appeals stated

that "[s]ome prosecutorial error may be so egregious or provocative as to warrant the interposition of the double jeopardy bar, even when no mistrial is granted, but that is not this case." Petitioner argues that the instant case is such a case. We disagree. Following the above statement, the Court cited *Matter of Potenza v Kane (supra)* to be compared with *Matter of Randall v Rothwax* (78 NY2d 494 [1991], *cert denied* 503 US 972 [1992]). In *Matter of Potenza v Kane (supra)*, the defendant's mistrial motion was granted. After reviewing the principles hereinabove discussed, the Fourth Department concluded that before a defendant can succeed in obtaining a writ of prohibition barring a retrial on the basis of prosecutorial misconduct, "[h]e must show that the prosecutorial misconduct was so egregious that the judicial process itself has broken down. If he does, then the court may fairly say that society's interest in a new trial to establish defendant's guilt or innocence has been superseded by an overriding necessity to protect the integrity of the judicial process" (*Matter of Potenza v Kane, supra* at 475). In *Matter of Randall v Rothwax (supra)*, the trial court, during jury deliberations, erroneously advised the defendant that the jury stood 10 to 2 for conviction when, in fact, the jury was 10 to 2 for acquittal. Based on the misinformation, the defendant entered a plea of guilty. When the court was later correctly informed, the defendant's motion to set aside the guilty plea was granted. Retrial was prohibited on double jeopardy grounds. Under these circumstances, not only was this defendant deprived of his right to have the particular deliberating jury resolve his fate but, since the misinformation was relayed to the court by a court officer who had accompanied the jury to dinner, the integrity of the judicial process itself was impaired by the perception that the confidentiality of the jury's deliberations had in some way been breached (*id.* at 499).

We thus hold that after a verdict of guilty has been set aside or reversed for prosecutorial misconduct, double jeopardy bars a retrial only if the integrity of the judicial process itself has been impaired. Here, petitioner makes no such showing.

Finally, we determine that petitioner's other claims are not properly before us. Any pretrial rulings made by County Court as a precursor to retrial may be reviewed on direct appeal and may not be raised in this CPLR article 78 proceeding (*see Matter of Cambria v Adams*, 161 AD2d 1180 [1990], *lv denied* 76 NY2d 714 [1990]; *Matter of Rush v Mordue*, 68 NY2d 348, 352-353 [1986]).

Crew III, J.P., Peters and Spain, JJ., concur. Adjudged that the petition is dismissed, without costs.