[857 NE2d 523, 824 NYS2d 202]

In the Matter of ROBERT GORGHAN, Appellant, v PATRICIA DEANGELIS, as District Attorney of Rensselaer County, et al., Respondents.

Argued September 5, 2006; decided October 19, 2006

## POINTS OF COUNSEL

*Bianco Law Office,* Syracuse (*Randi J. Bianco* and *Lucille M. Rignanese* of counsel), for appellant. The New York Constitution's Double Jeopardy Clause will be violated if appellant is subjected to a second trial following reversal on appeal due to the prosecutor's deliberate tactic of engaging in pervasive and egregious misconduct during the first trial. The prosecutor persisted in engaging in this conduct, forcing the defense to lodge hundreds of objections and three motions for mistrial, and forcing the court to admonish the prosecutor for her conduct numerous times. (*People v P.J. Video,* 68 NY2d 296; *Oregon v Kennedy,* 456 US 667; *United States v Curtis,* 683 F2d 769; *United States v Opager,* 616 F2d 231; *United States v Roberts,* 640 F2d 225, 452 US 942; *United States v Rios,* 637 F2d 728; *People v Adames,* 83 NY2d 89; *United States v Dinitz,* 424 US 600; *People v Catten,* 69 NY2d 547; *Matter of Nolan v Court of Gen. Sessions of County of N.Y.,* 11 NY2d 114.)

*Patricia A. DeAngelis, District Attorney,* Troy (*George M. Dentes* and *Jennifer C. Shatz* of counsel), respondent pro se, and for Paul Czajka, respondent. I. Double jeopardy is not implicated as defendant's first trial reached a verdict. (*United States v Jorn,* 400 US 470; *People v Adames,* 83 NY2d 89; *Oregon v Kennedy,* 456 US 667; *People v Catten,* 69 NY2d 547; *Matter of Randall v Rothwax,* 78 NY2d 494; *Matter of Potenza v Kane,* 79 AD2d 467; *United States v Tateo,* 377 US 463; *People v Liotta,* 274 AD2d 751; *People v Arduini,* 222 AD2d 965; *Matter of Owen v Harrigan,* 131 AD2d 20.) II. If the Court applies double-jeopardy principles to defendants whose cases reach a verdict, the standard should be intentional conduct of a prosecutor such that the integrity of the judicial process itself has been impaired. (*Oregon v Kennedy,* 456 US 667; *People v Key,* 45 NY2d 111; *United States v Jenkins,* 420 US 358; *United States v Dinitz,* 424 US 600; *United States v Jorn,* 400 US 470; *People v Ortiz,* 54 NY2d 288; *Matter of Davis v Brown,* 87 NY2d 626; *People v Boone,* 287 AD2d 461; *People v Hart,* 216 AD2d 486; *People v Mitchell,* 197 AD2d 709.) III. The prosecutor's conduct did not rise to the level to trigger double-jeopardy protections. (*United States v Wallach,* 979 F2d 912; *Oregon v Kennedy,* 456 US 667; *People v Alicea,* 37 NY2d 601; *People v Steinhardt,* 9 NY2d 267; *People v Santorelli,* 95 NY2d 412.)

*Bennett L. Gershman,* White Plains, and *Green & Willstatter* (*Richard D. Willstatter* of counsel), for New York State Associa-

tion of Criminal Defense Lawyers, amicus curiae. The prosecutor's misconduct was so extraordinary as to subvert the integrity of the trial and warrant the imposition of the double-jeopardy bar to retrial. (*People v Adames,* 83 NY2d 89; *Green v United States,* 355 US 184; *United States v Jorn,* 400 US 470; *People v Catten,* 69 NY2d 547; *United States v Dinitz,* 424 US 600; *Brady v Maryland,* 373 US 83; *Arizona v Washington,* 434 US 497; *People v LaValle,* 3 NY3d 88; *People v Mateo,* 2 NY3d 383; *People v Cahill,* 2 NY3d 14.)

## OPINION OF THE COURT

Chief Judge KAYE.

In the context of this troubling case of a trial prosecutor's misconduct, we are asked to determine whether double-jeopardy principles bar petitioner's retrial where his conviction was reversed on appeal based on that misconduct. We conclude, as did the Appellate Division, that the proper remedy is a new trial.

In April 1997, petitioner allegedly raped and otherwise sexually molested the 21-year-old daughter of his live-in girlfriend. Two years later, in 1999, the victim reported this to the police, and also that petitioner had abused her when she was a child. After an investigation, petitioner was charged with rape in the first degree, sodomy in the first degree, sexual abuse in the first degree and criminal possession of a weapon in the fourth degree, all allegedly committed in 1997 or later. He was not indicted for earlier events.

At the pretrial *Ventimiglia* hearing, County Court ruled inadmissible much of the evidence of petitioner's prior uncharged criminal and immoral acts. As found by the Appellate Division, however, the prosecutor continuously flouted these and other rulings by attempting to place excluded evidence before the jury, repeatedly referencing matters not in evidence, making unsupportable assertions and calling upon the jury to draw improper inferences (*see People v Gorghan,* 13 AD3d 908, 909-911 [3d Dept 2004]). In response, petitioner made numerous objections and moved for a mistrial on three occasions—after opening statements, during testimony and after the prosecutor's summation. While several times giving curative instructions, the court denied petitioner's mistrial motions.

Petitioner was convicted on all charges, but the Appellate Division—after detailing the prosecutorial misconduct—reversed his conviction and ordered a new trial, concluding that the prosecutor had engaged in "a pervasive pattern . . . of push-

ing beyond accepted boundaries on key issues . . . in a fashion prejudicial to a fair trial" (*id.* at 911). Upon remittal to County Court, petitioner sought an order barring retrial on double-jeopardy grounds. That court summarily denied petitioner's motion and petitioner commenced this CPLR article 78 proceeding in the Appellate Division to prohibit a second trial.

The Appellate Division dismissed the petition. It found that, although the misconduct was substantial, the record revealed a prosecutor "bent on securing a conviction, not one seeking to provoke defendant into moving for a mistrial" and that petitioner had failed to demonstrate that the judicial process itself had been impaired (*Matter of Gorghan v DeAngelis*, 25 AD3d 872, 873 [3d Dept 2006]). Thus, the Court concluded that retrial—rather than dismissal—was the appropriate remedy. We agree.

## Analysis

At its essence, the Double Jeopardy Clause protects criminal defendants from multiple prosecutions for the same offense (*Oregon v Kennedy*, 456 US 667, 671 [1982]). This protection includes the valued, though not absolute, right to proceed to verdict before the empaneled jury (*see People v Adames*, 83 NY2d 89, 92 [1993]). Thus, ordinarily, when a defendant obtains a verdict or chooses to prevent one by successfully seeking a mistrial, double-jeopardy principles are not implicated.

An exception to this rule exists, however, in instances where a prosecutor has engaged in prejudicial misconduct deliberately intended to provoke a mistrial motion (*see Kennedy*, 456 US at 673). In such circumstances, the prosecutor has effectively eviscerated the defendant's right to complete the trial before the empaneled jury and thus double jeopardy may bar retrial even though the defendant's own successful mistrial motion prevented the verdict. As we explained in *Matter of Davis v Brown* (87 NY2d 626, 630 [1996]),

> "[w]hen the prosecution fears the case is headed toward acquittal and intentionally causes a mistrial, the calculated result of this prosecutorial misconduct is to deprive the defendant of the right to have the case completed before the first jury. In such a case, a second trial of the defendant would constitute an impermissible second bite at the apple for the prosecution, in direct violation of the letter and spirit of

both the State and Federal Double Jeopardy Clauses' prohibitions against repeated prosecution."

We hold that this well-established but narrow exception is equally applicable to reversals on appeal when a trial court has erroneously denied a defendant's mistrial motion. As we noted in *Adames*, "[t]he corrective action for prosecutorial trial misconduct should ordinarily not vary whether a verdict is nullified by a trial court or by an appellate court" (83 NY2d at 90-91). The misconduct is the same, the prejudice to the defendant is the same and the result should therefore be the same. Indeed, to differentiate between granted mistrial motions and reversals on appeal would create an anomalous result. Defendants who suffer both prejudicial prosecutorial misconduct intended to cause a mistrial and erroneous denial of a mistrial motion would never be entitled to double-jeopardy protection, whereas defendants subjected only to prosecutorial misconduct resulting in the grant of a mistrial would be entitled to that protection (*see* 2 Dressler and Michaels, Understanding Criminal Procedure § 14.05, at 326-327 [4th ed]).

Here, although the prosecutor's conduct was deplorable, it was—as found by the Appellate Division—motivated by an intent to secure a conviction, not to provoke a mistrial motion. Thus, petitioner is entitled only to the ordinary remedy for harmful trial misconduct—a new, fair trial—and not dismissal of the indictment.

Accordingly, the judgment of the Appellate Division should be affirmed, without costs.

Judges CIPARICK, ROSENBLATT, GRAFFEO, READ and R.S. SMITH concur; Judge PIGOTT taking no part.

Judgment affirmed, without costs.