■ In the Matter of CHARLES STEWART, Petitioner, v DAVID S. HARTNETT, as Cortland County District Attorney, et al., Respondents. [824 NYS2d 786]—

Kane, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to prohibit respondents from trying petitioner in the County Court of Cortland County on an indictment charging him with rape in the first degree (two counts), sodomy in the first degree (two counts), sexual abuse in the first degree and endangering the welfare of a child.

In November 2000, petitioner was charged in a Cortland County indictment with the crimes of rape in the first degree (two counts), sodomy in the first degree (two counts), sexual abuse in the first degree and endangering the welfare of a child based upon his alleged sexual contact with the then nine-year-old victim. Following a jury trial, at which the testimony offered by the young victim was the only evidence implicating petitioner in the crimes, petitioner was convicted on all counts.

Thereafter, in July 2005, this Court reversed the judgment of conviction finding, insofar as is relevant to this proceeding, that County Court committed reversible error in denying petitioner's request to submit the issue of venue to the jury as a factual question (*People v Stewart*, 20 AD3d 769, 771 [2005]). Specifically, we held: "[W]here a request to charge as to venue is made, it is improper for the trial court to refuse to submit the factual issue to the jury—even if the defendant does not contradict the People's proof with respect [thereto]. Here, the proof at trial with respect to venue was equivocal. The crimes allegedly took place in [petitioner's] vehicle, and the victim did not know precisely where she was when the crimes were committed. While this might well invoke the private motor vehicle exception, that too should have been submitted to the jury as a question of fact" (*id.* [internal quotation marks and citations omitted]). For this and other reasons, we remitted the matter for a new trial.

In February 2006, petitioner moved by order to show cause for a stay of the scheduled April 2006 prosecution and commenced this proceeding pursuant to CPLR article 78 seeking to prohibit respondents from retrying him on the previous indictment. Specifically, petitioner argued that County Court lacked geographical jurisdiction over counts two through five of the indictment and, further, that retrying him on the prior indictment violated the principles of double jeopardy. This Court subsequently denied petitioner's application for a stay, and the matter is now before us for review.

Preliminarily, petitioner is correct in noting that a writ of prohibition is a proper remedy to challenge both County Court's alleged lack of geographical jurisdiction and petitioner's claim that further prosecution would subject him to double jeopardy (*see Matter of Rush v Mordue*, 68 NY2d 348, 353-354 [1986]; *Matter of Gorghan v DeAngelis*, 25 AD3d 872, 873 [2006], *affd* 7 NY3d 470 [2006]; *Matter of Cohen v Lotto*, 19 AD3d 485, 486 [2005]; *Matter of McLaughlin v Eidens*, 292 AD2d 712, 713 [2002]). We nonetheless conclude that the requested writ should not be granted.

Because we did not determine in petitioner's prior appeal that County Court lacked geographical jurisdiction, but rather that jurisdiction was a factual issue that should have been charged to the jury, our prior decision does not establish that the court lacked geographical jurisdiction (*see People v Stewart, supra*). Nor did petitioner make a factual showing in this proceeding to establish County Court's lack of jurisdiction. Under the circumstances, petitioner has not demonstrated that County Court is without jurisdiction (*see Matter of Holtzman v Goldman*, 71 NY2d 564, 569-570 [1988]; *Matter of Steingut v Gold*, 42 NY2d 311, 315 [1977]; *Matter of Broome County Dist. Attorney's Off. v Meagher*, 8 AD3d 732, 734 [2004], *lv denied* 3 NY3d 612 [2004]).

Nor are we persuaded that petitioner's retrial on the previous indictment violates principles of double jeopardy, thus mandating the requested writ of prohibition. "Where, as here, 'proceedings [constituting a prior prosecution] are subsequently nullified by a court order . . . which directs a new trial of the same accusatory instrument, the nullified proceedings do not bar further prosecution of such offense under the same accusatory instrument' " (*Matter of Kelly v Bruhn*, 3 AD3d 783, 784 [2004], *appeal dismissed* 2 NY3d 793 [2004], *lv denied* 3 NY3d 698 [2004], quoting CPL 40.30 [3]; *see Matter of Gorghan v DeAngelis*, 7 NY3d 470 [2006]). Petitioner's remaining arguments on these points, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Carpinello, J.P., Rose and Lahtinen, JJ., concur. Adjudged that the petition is dismissed, without costs.