12

In the Matter of ADAM H. BERNSTEIN, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, January 22, 1988

**APPEARANCES OF COUNSEL**

*David E. Brennan (Gerard M. LaRusso* of counsel), for petitioner.

*Timothy Maloney* for respondent.

**OPINION OF THE COURT**

Per Curiam.

The Grievance Committee for the Fourth Department, Sev-

enth Judicial District, seeks an order pursuant to rule 1022.19 (f) (2) of the rules of the Appellate Division (22 NYCRR) suspending respondent from the practice of law pending consideration of disciplinary charges filed against him.

Respondent was admitted to practice by order of the Appellate Division, Supreme Court, Third Department, State of New York, on February 11, 1977. By petition verified the 12th day of October 1987, the Grievance Committee commenced formal disciplinary proceedings against respondent. In support of its application for an order of suspension, the Committee states that there is uncontroverted evidence of conversion of clients' funds based upon the exhibits attached to the Committee's petition, as well as on admissions by respondent.

Evidence consisting of the uncontroverted allegations of the petition and the exhibits annexed thereto demonstrates that Marianne Waters retained respondent to represent her with regard to the purchase of real property located in East Rochester, New York. Mrs. Waters caused a cashier's check drawn on Norstar Bank to be issued to respondent in the amount of $22,962.31. Respondent was to transfer those funds to Rochester Community Savings Bank to discharge a mortgage on her property. Respondent deposited the check in his trust account at Rochester Community Savings Bank. From April 3, 1987 to July 10, 1987, respondent used those funds for purposes other than for the benefit of Mrs. Waters. The trust account of respondent showed a balance of only $5 on July 10, 1987. On August 13, 1987, respondent issued a check drawn on his trust account in the amount of $24,076.10 to discharge the mortgage. At the time respondent issued his check, he had a balance of only $2,577.83 in his account. Consequently, the check was returned by the mortgagee's attorney on August 17, 1987. Respondent has admitted that subsequently the Clients' Security Fund, with his consent, reimbursed Mrs. Waters for her loss.

Respondent has also admitted under oath before the Grievance Committee that he failed to maintain proper bookkeeping records concerning individual clients' funds, and that he diverted funds that were an advance payment of legal fees to be held in trust until earned.

Based upon these admissions and uncontroverted evidence, we find that respondent is guilty of misconduct immediately

threatening the public interest. He should be suspended pending the hearing and determination of disciplinary charges.

DILLON, P. J., CALLAHAN, DOERR, DENMAN and GREEN, JJ., concur.

Order of suspension entered pursuant to 22 NYCRR 1022.19 (f) (2).