■ SSAC, INC., Respondent, v INFITEC, INC., as Successor in Interest to QUADTRONICS, INC., Appellant, et al., Defendants. [604 NYS2d 452] —Judgment unanimously affirmed with costs. Memorandum: Supreme Court's findings that the customer list of SSAC, Inc., constituted a trade secret and that the list was wrongfully used by defendants Infitec, Inc. (successor in interest to Quadtronics, Inc.), Lawrie and Sobolewski are not contrary to the weight of evidence. We affirm those findings and the award of damages for reasons stated in the decision at Supreme Court. With respect to the calculation of damages, although the court recorded an erroneous figure as the amount of damages indicated by Exhibit 99 and the figure should have been $27,244, the total amount of damages indicated in the court's decision was correct.

Supreme Court did not abuse its discretion in permitting disclosure to plaintiff of Grand Jury minutes and exhibits in a criminal proceeding against defendants Lawrie and Quadtronics for theft of the trade secret. Plaintiff demonstrated a compelling and particularized need for access to that material *(see, Matter of District Attorney of Suffolk County,* 58 NY2d 436, 443-444). The Grand Jury proceeding concluded some six years before plaintiff sought discovery, defendants Lawrie and Quadtronics pled guilty to theft of the trade secret, and Supreme Court limited use of the materials to cross-examination and impeachment of defense witnesses. Under those circumstances, the need to maintain the secrecy of the Grand Jury proceeding did not outweigh plaintiff's interest in the

disclosure of the materials *(see, Jones v State of New York,* 79 AD2d 273; *cf., Matter of U.S. Air,* 97 AD2d 961).

The determination of Supreme Court not to recuse itself should not be disturbed. " '[W]hether a Judge should recuse himself, to avoid the appearance of impropriety, is a matter left to the personal conscience of the court' " *(People v Gallagher,* 158 AD2d 469, *lv denied* 76 NY2d 735). The record does not reveal any bias, improper motive or interest that might have affected the result. We cannot conclude that the court's pretrial review of Grand Jury testimony, by itself, mandates recusal even where, as here, the court served as the fact-finder. (Appeal from Judgment of Supreme Court, Onondaga County, Reagan, J.—Trade Secrets.) Present—Green, J. P., Balio, Fallon, Boomer and Davis, JJ.