[805 NYS2d 758]

In the Matter of David Dale, an Attorney, Respondent. Grievance Committee of the Eighth Judicial District, Petitioner.

Fourth Department, November 10, 2005

**APPEARANCES OF COUNSEL**

*Vincent L. Scarsella, Deputy Chief Counsel, Eighth Judicial District Grievance Committee*, Buffalo, for petitioner.

*Richard T. Sullivan*, Buffalo, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court on January 14, 1988, and maintains an office for the practice of law in Buffalo. The Grievance Committee filed a petition charging respondent with acts of misconduct arising from his activities as executor of and attorney for an estate. Respondent filed an answer denying material allegations of the petition, and a referee was appointed to conduct a hearing. The Referee filed a report, which the Grievance Committee moves to confirm. Respondent cross-moves, inter alia, to vacate the Referee's report and dismiss the petition.

The Referee found that respondent had neglected the estate by failing to file a timely probate petition and timely estate tax returns; failing to open an estate checking account in a timely manner; failing to file fiduciary income tax returns; failing to convert the personal assets of the decedent in a timely manner; redeeming savings bonds without proper consideration of the tax consequences; failing to file the attorney's affidavit required by 22 NYCRR 207.45 (a); and failing to respond to inquiries from the estate's beneficiaries and their attorneys. The Referee found that the failure of respondent to convert the personal assets of the decedent in a timely manner resulted in a significant diminution of the value of the assets and that his failure to file timely estate tax returns resulted in penalties in excess of $110,000, as well as interest. The Referee further found that respondent, in his testimony before a referee appointed by Surrogate's Court and in an examination under oath conducted by the Grievance Committee during the investigation, falsely stated that he had timely filed estate tax returns. Finally, the Referee found that respondent made misrepresentations to Surrogate's Court and to the successor executor concerning the filing.

We confirm the findings of fact made by the Referee and conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (3) (22 NYCRR 1200.3 [a] [3])—engaging in illegal conduct that adversely reflects on his honesty, trustworthiness or fitness as a lawyer;

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that reflects adversely on his fitness as a lawyer;

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him; and

DR 7-102 (a) (5) (22 NYCRR 1200.33 [a] [5])—knowingly making a false statement of law or fact in the representation of a client.

Respondent has committed egregious misconduct. Additionally, we have considered the failure of respondent to acknowledge the commission of any misconduct, and that he has previously received a letter of admonition and a letter of caution. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be disbarred.

PIGOTT, Jr., P.J., HURLBUTT, KEHOE, MARTOCHE and LAWTON, JJ., concur.

Order of disbarment entered.