138

[832 NYS2d 702]

In the Matter of ADAM H. BERNSTEIN, a Disbarred Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, March 16, 2007

**APPEARANCES OF COUNSEL**

*Daniel A. Drake, Acting Chief Counsel, Seventh Judicial District Grievance Committee*, Rochester, for petitioner.

*Adam H. Bernstein*, Pittsford, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by the Appellate Division, Third Department, on February 11, 1977. He was suspended by order of this Court entered January 22, 1988 (134 AD2d 12 [1988]), pending the determination of a disciplinary proceeding. By order entered April 21, 1988 (140 AD2d 1006 [1988]), respondent was disbarred upon his conviction of grand larceny in the third degree (Penal Law § 155.35), a class D felony. Respondent was personally served on April 22, 1988 with a certified copy of the disbarment order and a copy of this Court's rule governing the conduct of disbarred attorneys. On October 5, 2006, respondent was personally served with a motion for contempt. The motion was based in part upon allegations that respondent had appeared in Wayne County Surrogate's Court, held himself out as an attorney, and joined in an application made by an admitted attorney for respondent's admission pro hac vice without disclosing to the Surrogate that respondent was a disbarred attorney. Respondent filed a motion to dismiss in which he asserted that his appearance before the Surrogate did not constitute engaging in the practice of law.

The transcript of the proceeding before the Surrogate establishes that, in response to the oral application for respondent's admission pro hac vice, in which it was represented that respondent was admitted to practice in other states "but not here in New York," respondent replied that he was familiar with the file, had conducted an interview of the client and would be "grateful for the Court's indulgence." It is undisputed that respondent did not advise the Surrogate at the time of the application, or during a conference conducted in chambers immediately thereafter, that he was a disbarred attorney.

Respondent, by joining in the application for his admission pro hac vice and failing to inform the Surrogate that he was disbarred and not eligible to practice law, held himself out as an attorney in violation of this Court's order of disbarment.

As we have previously held, the conduct of a disbarred attorney in holding oneself out as an attorney constitutes criminal contempt of court in violation of Judiciary Law § 750 (A) (3)

(*see Matter of Marino*, 303 AD2d 10 [2002]; *Matter of Michalek*, 180 AD2d 67 [1992]). Accordingly, we grant the motion for contempt and impose a fine in the amount of $500. We direct respondent to pay the fine within 30 days of service of the order entered herewith.

HURLBUTT, J.P., MARTOCHE, SMITH and CENTRA, JJ., concur.

Order of contempt entered.