[844 NYS2d 537]

In the Matter of VINITA GOEL, an Attorney, Respondent. GRIEVANCE COMMITTEE of the SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, September 28, 2007

**APPEARANCES OF COUNSEL**

*Daniel A. Drake, Principal Counsel, Seventh Judicial District Grievance Committee*, Rochester, for petitioner.

*Michael J. Personte*, Rochester, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on December 3, 1990, and maintains an office for the practice of law in her home in Rochester. The Grievance Committee filed a petition charging respondent with acts of misconduct including aiding a disbarred attorney in the unauthorized practice of law and making false statements to a judge. The charges arose from respondent's representation of a client in a Surrogate's Court matter. Respondent filed an answer denying material allegations of the petition, and a referee was appointed to conduct a hearing. The Referee has submitted a report, which the Grievance Committee moves to confirm.

The Referee found that respondent allowed her husband, a disbarred attorney, to assist her in representing a client by allowing him to conduct an interview of the client, to discuss the matter with opposing counsel and to participate in settlement negotiations. Additionally, the Referee found that respondent made false and misleading statements with respect to her husband's status as an attorney to the Surrogate in support of an oral application for her husband's admission pro hac vice in a pending matter involving the client. The Referee further found that, despite her receipt of a letter of caution in 2004 that was directed in part to her conduct in allowing her husband access to her law practice, respondent allowed her husband to have access to her law office and computer.

The transcript of the proceeding before the Surrogate establishes that respondent identified her husband on the record as "an assistant" from her office and as someone "assisting with the file." Additionally, the transcript establishes that, in support of her application for her husband's admission pro hac vice, respondent represented to the Surrogate that her husband was admitted "in a number of states as an attorney," a statement that, as subsequently stipulated by the parties, was not accurate. This Court, by order entered March 16, 2007, found respondent's husband guilty of criminal contempt of court for his conduct in joining in the application made by respondent (*Matter of Bernstein*, 40 AD3d 138 [2007]). We agree with the conclusion of the Referee that respondent, by making the application, aided a disbarred attorney in the unauthorized practice of law.

Respondent concedes that she failed to reveal to the Surrogate that her husband was a disbarred attorney. She contends,

however, that she believed that he was admitted in other states at the time of her application for his admission pro hac vice. Respondent submits that she referred to her husband on the record as her assistant in order to avoid disclosing his involvement with the client in connection with Alcoholics Anonymous. The Referee, in making his findings of fact, resolved those and other credibility issues against respondent, and we decline to disturb those findings. As this Court has previously stated, "when the resolution of issues in a disciplinary proceeding depends upon the credibility of witnesses, a referee's findings are entitled to great weight" (*Matter of Cellino*, 21 AD3d 229, 231 [2005]).

We confirm the findings of the Referee and conclude that respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-101 (b) (22 NYCRR 1200.2 [b])—furthering the application for admission to the bar of another person who the lawyer knows to be unqualified in respect to character, education, or other relevant attribute;

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation;

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on her fitness as a lawyer;

DR 3-101 (a) (22 NYCRR 1200.16 [a])—aiding a nonlawyer in the unauthorized practice of law;

DR 7-102 (a) (5) (22 NYCRR 1200.33 [a] [5])—knowingly making a false statement of law or fact; and

DR 7-102 (b) (2) (22 NYCRR 1200.33 [b] [2])—failing promptly to reveal to a tribunal that a person other than the client has perpetrated a fraud upon the tribunal.

In determining an appropriate sanction, we note that respondent did not submit any mitigating factors for consideration by the Referee or by this Court. Additionally, we have considered the observations of the Referee that respondent expressed no remorse and does not appear to understand that her misconduct extended well beyond the pro hac vice application. Finally, we have considered that respondent allowed her husband access to her law office and computer in direct contravention of a prior letter of caution. In that regard, we have considered respondent's submission that she must maintain her law office in her

home because her mother resides there and, because of poor health, requires assistance and monitoring by respondent. Respondent's need to maintain an office in her home, however, does not excuse her conduct in continuing to allow a disbarred attorney access to her law practice. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended for one year and until further order of the Court.

HURLBUTT, J.P., MARTOCHE, SMITH, CENTRA and PERADOTTO, JJ., concur.

Order of suspension entered.