[911 NYS2d 689]

In the Matter of VINITA GOEL, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, November 19, 2010

**APPEARANCES OF COUNSEL**

*Daniel A. Drake, Principal Counsel Seventh Judicial District Grievance Committee*, Rochester, for petitioner.

*Melvin Bressler*, Pittsford, for respondent.

OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on December 3, 1990, and formerly maintained an office for the practice of law in Pittsford. By order entered September 28, 2007, respondent was suspended for one year and until further order of this Court for misconduct that included making false statements to Surrogate's Court and aiding her husband, a disbarred attorney, in the unauthorized practice of law (*Matter of Goel*, 46 AD3d 26 [2007]).

The Grievance Committee filed a petition charging respondent with acts of misconduct, including misappropriating client funds, engaging in the unauthorized practice of law in violation of this Court's order of suspension, and aiding her disbarred husband in the unauthorized practice of law. Respondent filed an answer denying material allegations of the petition, and a referee was appointed to conduct a hearing. The Referee has submitted a report, which the Grievance Committee moves to confirm.

The Referee found that, in June 2007, respondent received the proceeds of a real estate sale that she had conducted on behalf of a client and that, although respondent had agreed to satisfy an existing mortgage on the property in the amount of $55,601.62, she remitted only the sum of $2,520 to the mortgagee and converted to her own use the balance of the funds in the amount of $53,081.62. The Referee also found that, after the real estate closing, respondent falsely stated to the parties involved in the transaction, including her client, that she had remitted funds in the amount of $55,601.62 to the mortgagee. Additionally, the Referee found that, by December 31, 2007, respondent had disbursed to herself and her husband trust account funds in an amount in excess of $40,000 without adequate justification for the disbursements.

The Referee further found that, after respondent failed to comply with her agreement to satisfy the mortgage on behalf of her client, the client was named as a defendant in a foreclosure action commenced by the mortgagee. In addition, following her suspension from the practice of law, respondent negotiated with the other parties involved in the real estate transaction and prepared and served an answer on behalf of her client in the foreclosure action. The Referee also found that respondent failed to

comply with the October 2008 order of the Justice presiding over the foreclosure action directing respondent to account for the missing funds. Finally, the Referee found that respondent made misrepresentations to the Grievance Committee during its investigation of the matter.

We confirm the findings of fact made by the Referee and conclude that respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (3) (22 NYCRR 1200.3 [a] [3])—engaging in illegal conduct that adversely reflects on her honesty, trustworthiness or fitness as a lawyer;

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on her fitness as a lawyer;

DR 3-101 (b) (22 NYCRR 1200.16 [b])—practicing law in a jurisdiction where to do so would be in violation of regulations of the profession in that jurisdiction;

DR 9-102 (a) (22 NYCRR 1200.46 [a])—misappropriating funds belonging to another person that are in her possession incident to her practice of law;

DR 9-102 (b) (1) (22 NYCRR 1200.46 [b] [1])—failing to maintain client funds in a special account separate from her business or personal accounts;

DR 9-102 (c) (3) (22 NYCRR 1200.46 [c] [3])—failing to maintain complete records of all funds of a client coming into her possession and to render appropriate accounts to her client regarding them;

DR 9-102 (d) (1) (22 NYCRR 1200.46 [d] [1])—failing to maintain required records of bank accounts; and,

DR 9-102 (e) (22 NYCRR 1200.46 [e])—making withdrawals from a special account payable to cash and not to a named payee.

We conclude that respondent did not violate Code of Professional Responsibility DR 3-101 (a) (22 NYCRR 1200.16 [a]), for aiding a nonlawyer in the unauthorized practice of law, inasmuch as the Referee found no facts establishing that respondent aided her disbarred husband in the unauthorized practice of law.

In determining an appropriate sanction, we have considered that respondent offered no testimony at the hearing on the peti-

tion and did not submit any mitigating factors to the Referee or this Court. Additionally, we have considered that respondent has a disciplinary history that includes a suspension and a letter of caution for similar misconduct. Further, we note that respondent has engaged in wilful misconduct for personal gain and that her misconduct resulted in harm to her client and to third parties. Finally, we have considered the failure of respondent to acknowledge her misconduct as well as respondent's absence of remorse. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be disbarred.

We deny the request of the Grievance Committee to order respondent to pay restitution to the title insurance company that satisfied the mortgage on the property sold by her client, inasmuch as the title insurance company is not a "person whose money or property was wilfully misappropriated" within the meaning of Judiciary Law § 90 (6-a) (b).

MARTOCHE, J.P., CARNI, LINDLEY and GREEN, JJ., concur.

Order of disbarment entered.