[927 NYS2d 267]

In the Matter of DAVID DALE, a Disbarred Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, July 8, 2011

**APPEARANCES OF COUNSEL**

*Guy C. Giancarlo, Associate Counsel, Eighth Judicial District Grievance Committee*, Buffalo, for petitioner.

*David Dale*, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court on January 14, 1988. He was disbarred by order of this Court entered November 10, 2005, for misconduct that included mishandling an estate matter and making false statements under oath both to Surrogate's Court and the Grievance Committee (*Matter of Dale*, 25 AD3d 181, *lv dismissed* 6 NY3d 806 [2006], *lv denied* 6 NY3d 714 [2006]). On November 14, 2005, respondent was personally served with the disbarment order and a copy of this Court's rules governing the conduct of disbarred attorneys. Respondent's subsequent motion for leave to renew and reargue as well as to vacate the order of disbarment was denied in 2009 (*Matter of Dale*, 59 AD3d 1105 [2009]).

By notice of motion returnable January 26, 2010, the Grievance Committee sought an order punishing respondent for criminal contempt of court pursuant to Judiciary Law § 750 (A) (3), on the ground that respondent had violated the disbarment order by holding himself out as an attorney and accepting a retainer fee in an estate matter. Respondent filed papers in opposition to the motion and a referee was appointed to conduct a hearing.

While that matter was pending, the Grievance Committee in September 2010 filed a second notice of motion seeking an order punishing respondent for criminal contempt on the ground that in 2009 respondent had handled an estate matter and had accepted legal fees in the amount of $2,500. Respondent again filed papers in opposition to the motion, and we consolidated the motions for a hearing before the Referee.

The Referee has filed a report, which the Grievance Committee moves to confirm.

With respect to the first motion, the Referee found that, in May 2009, respondent's secretary accepted on behalf of respondent a retainer fee in the amount of $500 from a client who had requested assistance with an estate matter. The Referee further found that, after the client discovered that respondent had been disbarred and the client accordingly retained replacement counsel, respondent contacted the client and stated that he "had another attorney working on it," and that "some work had been done." In response, the client advised respondent to keep the retainer fee and thereafter discontinued contact with respondent.

With respect to the second motion, the Referee found that, in January 2009, respondent accepted from a client a retainer fee

in the amount of $500 and offered to assist the client in obtaining letters of administration for the estate of a deceased relative. The Referee further found that, in January 2010, respondent accepted from the client funds in the amount of $2,015 and assisted the client in transferring certain real property from the estate to the client.

Respondent, in opposition to the Grievance Committee's motion to confirm the report of the Referee, challenges the credibility of certain witnesses who testified at the hearing. We reject respondent's challenges, noting the well-settled proposition that, "when the resolution of issues in a disciplinary proceeding depends upon the credibility of witnesses, a referee's findings are entitled to great weight" (*Matter of Cellino*, 21 AD3d 229, 231 [2005]). Here, the Referee's findings are supported by the record and we decline to disturb them. We have considered respondent's additional contentions and we conclude that they are similarly without merit.

We confirm the findings of the Referee and conclude that respondent's conduct in holding himself out as an attorney, accepting retainer fees and legal fees, and engaging in the practice of law constitutes criminal contempt of court in violation of Judiciary Law § 750 (A) (3) (*see Matter of Bernstein*, 40 AD3d 138 [2007]; *Matter of Michalek*, 180 AD2d 67 [1992]). Accordingly, we grant petitioner's motions.

We have considered the matters submitted by respondent in mitigation, including his record of community service and the fact that he is responsible for the care of a family member with special needs. Accordingly, after consideration of all of the factors in this matter, we impose a fine in the amount of $1,000, and we direct respondent to pay the fine within 30 days of service of the order entered herewith.

SMITH, J.P., FAHEY, CARNI, SCONIERS and GORSKI, JJ., concur.

Order of contempt entered.