# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**123**

**OP 12-01459**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, SCONIERS, AND WHALEN, JJ.

---

IN THE MATTER OF DAVID DALE, PETITIONER,

V                                                    MEMORANDUM AND ORDER

HON. CHRISTOPHER J. BURNS, JUSTICE OF THE
SUPREME COURT, AND HON. FRANK A. SEDITA, III,
DISTRICT ATTORNEY, ERIE COUNTY, RESPONDENTS.

---

DAVID DALE, PETITIONER PRO SE.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DONNA A. MILLING OF
COUNSEL), RESPONDENT PRO SE.

---

Proceeding pursuant to CPLR article 78 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department pursuant to CPLR 506 [b] [1]) to, inter alia, dismiss the indictment.

It is hereby ORDERED that said petition is unanimously dismissed without costs.

Memorandum: Petitioner pleaded guilty to one count each of scheme to defraud in the first degree (Penal Law § 190.65 [1] [b]) and practice of law by an attorney who has been disbarred (Judiciary Law § 486) in full satisfaction of the indictment at issue herein. Petitioner thereafter commenced this original CPLR article 78 proceeding in the nature of prohibition, seeking dismissal of the indictment on double jeopardy grounds; transfer of the proceeding to another tribunal or, in the alternative, the recusal of certain Justices of this Court; and a stay of "all pending orders and proceedings of the lower court." He was subsequently sentenced on the conviction and filed a timely notice of direct appeal.

We note as background that petitioner, a former attorney, was disbarred by this Court in November 2005 (*Matter of Dale*, 25 AD3d 181, 182-183, *appeal dismissed* 6 NY3d 806, *lv denied* 6 NY3d 714; *see Matter of Dale*, 59 AD3d 1105, 1106). He nonetheless persisted in holding himself out as an attorney, accepting retainer fees and legal fees, and engaging in the practice of law. In July 2011, this Court granted the motion of the Grievance Committee to confirm the report of a referee that was issued after a hearing, found petitioner guilty of criminal contempt of court pursuant to Judiciary Law § 750 (A) (3) and fined him in the amount of $1,000 (*Matter of Dale*, 87 AD3d 198, 199-200).

     Thereafter, petitioner was charged in the indictment at issue
herein with one count each of scheme to defraud in the first degree
(Penal Law § 190.65 [1] [b]), grand larceny in the third degree (§
155.35 [1]), and grand larceny in the fourth degree (§ 155.30 [1]),
and six counts each of petit larceny (§ 155.25) and practice of law by
an attorney who has been disbarred (Judiciary Law § 486).  The
indictment was based upon allegations that petitioner stole funds from
six clients by accepting legal fees while disbarred.  Several days
before the scheduled trial, petitioner moved to dismiss the indictment
on constitutional and statutory double jeopardy grounds, asserting
that the July 2011 contempt adjudication barred prosecution on the
indictment.  The court denied the motion, and a Justice of this Court
declined to issue a writ of prohibition or an order staying the
proceedings.  As noted above, petitioner pleaded guilty to two counts
of the indictment in full satisfaction thereof, and thereafter
commenced this proceeding.

     At the outset, we reject petitioner's request that we transfer
this matter to another tribunal or that individual Justices of this
Court be recused from this case.  It is well settled that where, as
here, there is no "legal disqualification under Judiciary Law § 14, a
. . . [j]udge is the sole arbiter of recusal . . . When the alleged
impropriety arises from information derived during the performance of
the court's adjudicatory function, then recusal could surely not be
directed as a matter of law.  A court's decision in this respect may
not be overturned unless it was an abuse of discretion" (*People v
Moreno*, 70 NY2d 403, 405-406), and here there was no abuse of
discretion.  "[T]he fact that a judge [or panel] issues a ruling that
is not to a party's liking does not demonstrate either bias or
misconduct" (*Gonzalez v L'Oreal USA, Inc.*, 92 AD3d 1158, 1160, *lv
dismissed* 19 NY3d 874; *see Moreno*, 70 NY2d at 405-406; *People v
Whitfield*, 275 AD2d 1034, 1034, *lv denied* 95 NY2d 971; *see also
Irizarry v State of New York*, 56 AD3d 613, 614; *People v Doyle*, 15
AD3d 674, 675, *lv denied* 5 NY3d 761).

     With respect to the merits, we conclude that the petition must be
dismissed.  Petitioner has already pleaded guilty on the indictment
and has been sentenced.  Thus, there is no criminal proceeding to stay
and no action on the part of respondents to "prohibit".  Further,
petitioner's double jeopardy claims may be heard on his pending direct
appeal (*see Matter of O'Neill v Beisheim*, 39 NY2d 924, 925; *Matter of
Kinnaman v Doran*, 278 AD2d 923, 923-924; *see generally People ex rel.
Pendleton v Smith*, 54 AD2d 195, 199 n 1, *lv denied* 40 NY2d 809).
Although prohibition may lie to prevent the violation of a person's
right against double jeopardy (*see Matter of Gorghan v DeAngelis*, 25
AD3d 872, 873, *affd* 7 NY3d 470; *Matter of Rush v Mordue*, 68 NY2d 348,
354), it will not lie where direct appeal provides an adequate remedy
(*see Matter of Molea v Marasco*, 64 NY2d 718, 720; *Matter of Hirschfeld
v Friedman*, 307 AD2d 856, 858-859; *Matter of Van Wie v Kirk*, 244 AD2d
13, 24).

Entered:  February 8, 2013                    Frances E. Cafarell
                                              Clerk of the Court