# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**804**

**CAF 14-02290**

PRESENT: SMITH, J.P., CARNI, LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

---

IN THE MATTER OF ETA ROTTENBERG,
PETITIONER-RESPONDENT,

V                                              MEMORANDUM AND ORDER

WAYNE CLARKE, RESPONDENT-APPELLANT.
(APPEAL NO. 1.)

---

WAYNE CLARKE, RESPONDENT-APPELLANT PRO SE.

SHEILA SULLIVAN DICKINSON, ATTORNEY FOR THE CHILD, MIDDLESEX.

--------------------------------------------------------------------------------

Appeal from an order of the Family Court, Erie County (Kevin M. Carter, J.), entered March 13, 2014 in a proceeding pursuant to Family Court Act article 6.  The order modified a prior order by requiring respondent's visitation with the subject child to be supervised.

It is hereby ORDERED that said appeal is unanimously dismissed except insofar as respondent challenges the denial of his motion for recusal, and the order entered February 20, 2014 is affirmed without costs.

Memorandum:  Respondent father appeals from two orders in a proceeding pursuant to Family Court Act article 6.  The order in appeal No. 1 granted petitioner mother's petition seeking to modify the visitation provisions contained in a prior order by requiring that the father's visits with the subject child be supervised.  The order in appeal No. 2 granted the mother's petition seeking an order of protection on behalf of the child.

With respect to the order in appeal No. 1, the record establishes that, during the hearing on the mother's petition, the father discharged his assigned counsel, advised Family Court that he would proceed pro se, and failed to appear for the remainder of the hearing. Thus, we conclude that the order in appeal No. 1 was entered upon the father's default, and it is well settled that no appeal lies from an order that is entered upon the default of the appealing party (*see* CPLR 5511; *Matter of Li Wong v Fen Liu*, 121 AD3d 692, 693; *Matter of Alexandria M. [Mattie M.]*, 108 AD3d 548, 549).  In any event, even assuming, arguendo, that the order was not entered on the father's default, we nevertheless reject his contention that the court erred in modifying the prior order of visitation inasmuch as the court's determination is supported by a sound and substantial basis in the record (*see Matter of Green v Bontzolakes*, 111 AD3d 1282, 1284).

Nevertheless, the father's appeal from the final order brings up for our review "matters which were the subject of contest" before the court (*James v Powell*, 19 NY2d 249, 256 n 3, *rearg denied* 19 NY2d 862; *see Britt v Buffalo Mun. Hous. Auth*., 109 AD3d 1195, 1196), i.e., the underlying order denying the father's recusal motion.  We conclude that the father's contention that the court should have recused itself is without merit.  Absent a ground for disqualification under Judiciary Law § 14, a trial judge is the sole arbiter of whether recusal is warranted (*see Matter of Hogan v Fischer*, 90 AD3d 1544, 1545, *lv denied* 19 NY3d 801).  Here, we conclude that the court did not abuse its discretion in denying the father's motion for recusal because he failed to set forth any evidence of bias or prejudice on the part of the court (*see Matter of Montesdeoca v Montesdeoca*, 38 AD3d 666, 667).

With respect to the order in appeal No. 2, even assuming, arguendo, that the order of protection was not entered upon the father's default and thus that the appeal is properly before us, that order expired by its own terms on March 13, 2015, and the appeal must therefore be dismissed as moot (*see Matter of Rochester v Rochester*, 26 AD3d 387, 387-388).

Entered:  November 18, 2016                          Frances E. Cafarell
                                                    Clerk of the Court