Matter of Tran (2019 NY Slip Op 03478)





Matter of Tran


2019 NY Slip Op 03478


Decided on May 2, 2019


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 2, 2019
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Dianne T. Renwick, Justice Presiding,
Rosalyn H. Richter
Barbara R. Kapnick
Marcy L. Kahn
Jeffrey K. Oing, Justices.


M-6434 M-743

[*1]In the Matter of Emily A. Tran (admitted as Emily Anne Tran), an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Emily A. Tran, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Emily A. Tran, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on May 19, 2004.



Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Kathy W. Parrino, of counsel), for petitioner.
Richard E. Grayson, Esq., for respondent.



PER CURIAM.


Respondent Emily A. Tran was admitted to the practice of law in the State of New York by the Second Judicial Department on
May 19, 2004 under the name Emily Anne Tran. At all times relevant to this proceeding, she has maintained a law practice within the First Judicial Department.
The Attorney Grievance Committee (Committee) commenced this proceeding by a petition containing seven charges (Judiciary Law § 90[2], Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8), alleging that respondent was guilty of misconduct in violation of the Rules of Professional Conduct by, inter alia, allowing a non-attorney to be a signatory on her escrow account, aiding another attorney in the unauthorized practice of law, having a misleading law firm name, making misrepresentations to opposing counsel, and failing to report another attorney's unauthorized practice of law.
By a joint motion, the Committee and respondent now move, pursuant to 22 NYCRR 1240.8(a)(5), for discipline by consent and request that respondent be suspended from the practice of law for a period of one year. The parties' joint submission is in accordance with the procedural requirements set forth in 22 NYCRR 1240.8(a)(5) by which the motion includes, among other things, a stipulation of facts, respondent's conditional admissions to the acts of professional misconduct and the specific rules she has violated, and that she has freely and voluntarily given her consent to the agreed upon discipline and is fully aware of the consequences of such consent.
The parties agree that a one-year suspension should be imposed for the subject violations and that such a sanction is supported by relevant case law (see Matter of Thalasinos, 116 AD3d 155 [1st Dept 2014]; Matter of Goel, 46 AD3d 26 [4th Dept 2007]; Matter of Takvorian, 240 AD2d 95 [2d Dept 1998]).
In light of respondent's admitted misconduct to all seven charges and the mitigating factors presented, including that respondent has no disciplinary history, and has cooperated during the Committee's investigation of the lawyers for whom she previously worked and in her own matter, the parties' joint motion for discipline by consent should be granted, respondent should be suspended for a period of one year and the Committee's separately filed petition of charges should be denied as moot (see generally Matter of Leighton, 158 AD3d 23 [1st Dept 2018]).
All concur.
Order filed [May 2, 2019].
The parties' motion for discipline by consent is granted, and respondent is suspended from the practice of law in the State of New York for a period of one year, effective June 3, 2019, and until further order of this Court (M-743). The Committee's Petition of Charges is denied as moot (M-6434).