Matter of Watt (2019 NY Slip Op 08344)





Matter of Watt


2019 NY Slip Op 08344


Decided on November 15, 2019


Appellate Division, Fourth Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND WINSLOW, JJ. (Filed Nov. 15, 2019.) 

&em;

[*1]MATTER OF JOSEPH C. WATT, JR., A DISBARRED ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, PETITIONER. — Order of contempt entered.

Per Curiam


Opinion: Respondent was admitted to the practice of law by this Court on May 6, 1969. By order entered May 21, 2019, this Court accepted respondent's application to resign from the practice of law while he was the subject of a disciplinary investigation, struck his name from the roll of attorneys pursuant to 22 NYCRR 1240.10, and commanded him to cease and desist from the practice of law in any form (see Matter of Watt, 173 AD3d 1720 [4th Dept 2019]).
On October 3, 2019, the Grievance Committee filed a motion for an order, pursuant to Judiciary Law §§ 90 (2) and 750 (A) (3), punishing respondent for criminal contempt of court on the ground that, for several months after this Court accepted his resignation from the practice of law, he willfully disobeyed the aforementioned order of this Court by continuing to represent certain clients, holding himself out as an attorney, failing to advise clients and certain courts that he was no longer an attorney, and receiving payments for legal fees. Although respondent acknowledges that he engaged in the conduct set forth in the motion for contempt, he submits certain matters in mitigation, including that he continued to represent some of his clients because he was emotionally unable to accept the end of his 50-year career in the practice of law. Respondent also submits that none of the misconduct involved fraud for personal gain and that all client funds have been either returned to the clients or deposited into an escrow account controlled by another attorney.
We have previously held that the conduct of a disbarred or suspended attorney in failing to advise clients of a disbarment or suspension, holding oneself out as an attorney, accepting legal fees, and continuing to practice law constitutes criminal contempt of court in violation of Judiciary Law § 750 (A) (3) (see Matter of Shaw, 162 AD3d 154, 155-156 [4th Dept 2018]; Matter of Dale, 87 AD3d 198, 200 [4th Dept 2011]).
Accordingly, based on respondent's lengthy course of contemptuous disregard of this Court's order striking his name from the roll of attorneys, we impose a fine in the amount of $1,000, and we direct respondent to pay the fine within 30 days of service of the order entered herewith.