Matter of Taylor (2020 NY Slip Op 01834)





Matter of Taylor


2020 NY Slip Op 01834


Decided on March 13, 2020


Appellate Division, Fourth Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department
 PRESENT: CENTRA, J.P., LINDLEY, CURRAN, BANNISTER, AND DEJOSEPH, JJ. (Filed Feb. 11, 2020.)


&em;

[*1]MATTER OF KEVIN R. TAYLOR, A SUSPENDED ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, PETITIONER.



OPINION AND ORDER
Order of contempt entered.
Per Curiam
Opinion: Respondent was admitted to the practice of law by the Third Department on January 23, 1996. By order entered November 13, 2015, this Court suspended respondent from the practice of law upon his default in responding to allegations that, in 2009 and 2010, he submitted assigned counsel vouchers that resulted in his receipt of overpayments totaling $16,055 due to his inappropriate billing practices in relation to 38 client matters. Respondent also failed to cooperate in the investigation of the Grievance Committee (see Matter of Taylor, 135 AD3d 48, 49-50 [4th Dept 2015]).
In October 2019, the Grievance Committee filed a motion for an order, pursuant to Judiciary Law §§ 90 (2) and 750 (A) (3), punishing respondent for criminal contempt of court on the ground that he willfully disobeyed the aforementioned order of suspension entered by this Court by holding himself out as an attorney and agreeing to accept legal fees from a client.
The motion for contempt was made returnable before this Court on January 14, 2020. Although respondent was personally served with the motion papers on or about December 12, 2019, he failed to file a written response thereto, failed to appear on the return date, and otherwise failed to contact the Court. Accordingly, this Court finds respondent in default on the motion for contempt and deems admitted the allegations contained therein.
Respondent admits that, in March 2017 and while he was suspended from the practice of law, he agreed to represent a client on legal matters in exchange for legal fees to be paid on an hourly basis. Respondent also admits that, during the investigation of the Grievance Committee, he acknowledged that his conduct was "unacceptable" and that it occurred while he was experiencing financial difficulties.
We have previously held that the conduct of a disbarred or suspended attorney in holding oneself out as an attorney, agreeing to accept legal fees, and continuing to practice law constitutes criminal contempt of court in violation of Judiciary Law § 750 (A) (3) (see Matter of Watt, 179 AD3d 23, 24 [4th Dept 2019]; Matter of Dale, 87 AD3d 198, 200 [4th Dept 2011]).
Accordingly, based on respondent's contemptuous disregard of this Court's order of suspension, we impose a fine in the amount of $750.