Tripi v Alabiso (2020 NY Slip Op 07745)





Tripi v Alabiso


2020 NY Slip Op 07745


Decided on December 23, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, AND TROUTMAN, JJ.


625 CA 19-01799

[*1]JOANNA TRIPI, PLAINTIFF-APPELLANT,
v
FRANK P. ALABISO, PH.D., DEFENDANT-RESPONDENT. 






RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (JILL L. YONKERS OF COUNSEL), FOR PLAINTIFF-APPELLANT.
HURWITZ & FINE, P.C., BUFFALO (ANDREA SCHILLACI OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Emilio L. Colaiacovo, J.), entered August 9, 2019. The order denied the motion of plaintiff for recusal. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages, based on various theories of liability, in connection with defendant's preparation of a custodial evaluation report that was submitted in a separate matrimonial action between plaintiff and her former husband. Plaintiff now appeals from an order denying her motion seeking recusal of the Supreme Court Justice assigned to this case due to the court's work on portions of the matrimonial action, which included ruling on the admissibility of the custodial evaluation report in that case. We affirm.
It is well settled that, "[a]bsent a legal disqualification . .
. , a [j]udge is generally the sole arbiter of recusal" (Matter of Murphy, 82 NY2d 491, 495 [1993]; see Judiciary Law § 14), and "the decision whether to recuse is committed to his or her discretion" (Matter of Trinity E. [Robert E.], 144 AD3d 1680, 1681 [4th Dept 2016]; see Murphy, 82 NY2d at 495). Although "recusal is required where the 'impartiality [of the judge] might reasonably be questioned' (22 NYCRR 100.3 [E] [1]), a party's unsubstantiated allegations of bias are insufficient to require recusal" (Matter of Brooks v Greene, 153 AD3d 1621, 1622 [4th Dept 2017]; see Matter of Rottenberg v Clarke, 144 AD3d 1627, 1628 [4th Dept 2016]; cf. Trinity E., 144 AD3d at 1681).
Here, plaintiff correctly concedes that there is no legal disqualification under the definition set forth in section 14 of the Judiciary Law, and we conclude that the court did not abuse its discretion in denying plaintiff's recusal motion (see generally Matter of McLaughlin v McLaughlin, 104 AD3d 1315, 1316 [4th Dept 2013]). Contrary to plaintiff's contention, the court did not gain any information in connection with the custodial evaluation report produced in the matrimonial action that would require it to recuse itself in this case. The court stated that it had not read the report and, even assuming, arguendo, that the court gained some information concerning the contents of the report from the motion papers filed in the matrimonial action, we reject plaintiff's contention that recusal is warranted on that basis. "It is well settled that '[t]he alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his [or her] participation in the case' " (Board of Educ. of City Sch. Dist. of City of Buffalo v Pisa, 55 AD2d 128, 136 [4th Dept 1976], quoting United States v Grinnell Corp., 384 US 563, 583 [1966]; see Affinity Elmwood Gateway Props. LLC v AJC Props. LLC, 113 AD3d 1094, 1096 [4th Dept 2014]). Here, plaintiff "does not contend that the court's alleged bias stemmed from an extrajudicial source . . . , nor in any event would the record support such a contention" (Matter of McDonald v Terry, 100 AD3d 1531, 1531 [4th Dept 2012] [internal quotation marks omitted]). [*2]Moreover, although the court while presiding over the matrimonial action for a period of time denied plaintiff's motion in that case seeking to preclude certain evidence, including the custodial evaluation report, it is well settled that "the fact that a judge issues a ruling that is not to a party's liking does not demonstrate either bias or misconduct" (Gonzalez v L'Oreal USA, Inc., 92 AD3d 1158, 1160 [3d Dept 2012], lv dismissed 19 NY3d 874 [2012]; see Matter of Dale v Burns, 103 AD3d 1243, 1244 [4th Dept 2013], appeal dismissed 21 NY3d 968 [2013]).
Plaintiff further contends that the court should have recused itself to avoid the appearance of impropriety. We reject that contention. "[W]hether a [j]udge should recuse himself [or herself], to avoid the appearance of impropriety, is a matter left to the personal conscience of the court" (SSAC, Inc. v Infitec, Inc., 198 AD2d 903, 904 [4th Dept 1993] [internal quotation marks omitted]). Based on our review of the record, we conclude that none of the reasons proffered by plaintiff concerning the alleged appearance of impropriety, "either alone or in combination, suggested any judicial bias that would warrant recusal" (Schwartzberg v Kingsbridge Hgts. Care Ctr., Inc., 28 AD3d 465, 466 [2d Dept 2006]; cf. Concord Assoc., L.P. v EPT Concord, LLC, 130 AD3d 1404, 1405-1406 [3d Dept 2015], lv denied 26 NY3d 912 [2015]). Indeed, "[a] judge has an obligation not to recuse himself or herself . . . unless he or she is satisfied that he or she is unable to serve with complete impartiality, in fact or appearance" (Silber v Silber, 84 AD3d 931, 932 [2d Dept 2011] [internal quotation marks omitted]) and, here, the court concluded that "it could be fair and impartial in weighing the matters of this case."
Entered: December 23, 2020
Mark W. Bennett
Clerk of the Court