Matter of Welch (2020 NY Slip Op 07837)





Matter of Welch


2020 NY Slip Op 07837


Decided on December 23, 2020


Appellate Division, Fourth Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, CURRAN, BANNISTER, AND DEJOSEPH, JJ. (Filed Dec. 23, 2020.)


&em;

[*1]MATTER OF JANUARIUS K. WELCH, A DISBARRED ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, PETITIONER.



OPINION AND ORDER Order of contempt entered.
Per Curiam
Opinion: Respondent was admitted to the practice of law by this Court on February 21, 2008. In June 2016, this Court entered an order, pursuant to 22 NYCRR former 1022.22, imposing upon respondent reciprocal discipline and striking his name from the roll of attorneys based upon his disbarment on consent in Michigan (Matter of Welch, 141 AD3d 1122, 1122 [4th Dept 2016). Respondent was personally served with this Court's order on July 1, 2016.
In July 2019, the Grievance Committee filed a motion for an order, pursuant to Judiciary Law §§ 90 (2) and 750 (A) (3), punishing respondent for criminal contempt of court on the ground that he willfully disobeyed this Court's order by providing legal services for a fee while disbarred. Respondent filed a written response to the motion denying material allegations, and this Court appointed a Referee to conduct a hearing.
The Referee has filed a report finding that, in 2017, respondent agreed to represent the purchasers of real property located in Buffalo. The Referee found that, in advance of the closing for the transaction, respondent accepted funds from the purchasers for costs related to the transaction, secured various documents necessary to complete the transaction, and communicated with the purchasers and attorneys for the seller and lender via telephone, facsimile, mail and email regarding the details of the transaction, without disclosing that he was a disbarred attorney. The Referee found that, on September 6, 2017, respondent attended the closing for the transaction, at which time he delivered funds in the amount of $5,000 on behalf of the purchasers.
The Referee made an advisory finding that respondent violated this Court's order of disbarment and this Court's former rules governing disbarred attorneys (22 NYCRR former 1022.27) by, inter alia, holding himself out as an attorney, engaging in the practice of law, giving legal advice to another, and failing to notify a client that he was unable to act as counsel due to disbarment.
The Grievance Committee moves to confirm the report of the Referee. Although in response to the motion respondent asserts legal challenges to certain findings of the Referee, respondent nonetheless accepts the Referee's advisory determination that he is guilty of criminal contempt in violation of Judiciary Law §§ 90 (2) and 750 (A) (3). Respondent also submits matters in mitigation, including that he handled the real estate transaction to assist a friend, rather than for personal gain, that his misconduct did not involve the misappropriation of funds, and that the misconduct occurred while he was suffering from mental health issues that affected his judgment and decision making ability.
We have previously held that the conduct of a disbarred or suspended attorney in holding oneself out as an attorney, agreeing to accept legal fees, and continuing to practice law or to handle legal matters for clients constitutes criminal contempt of court in violation of Judiciary Law § 750 (A) (3) (see Matter of Taylor, 183 AD3d 100, 101 [4th Dept 2020]; Matter of Watt, 179 AD3d 23, 24 [4th Dept 2019]; Matter of Dale, 87 AD3d 198, 200 [4th Dept 2011]).
Accordingly, based on respondent's contemptuous disregard of this Court's order of suspension, and after considering the mitigating factors he has submitted to this Court, we impose a fine in the amount of $500.