Matter of Hackett (2022 NY Slip Op 05474)

Matter of Hackett

2022 NY Slip Op 05474

Decided on September 30, 2022

Appellate Division, Fourth Department

Per Curiam

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, NEMOYER, AND WINSLOW, JJ. (Filed July

&em;

[*1]MATTER OF MARK J. HACKETT, JR., A SUSPENDED ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, PETITIONER.

OPINION AND ORDER
Order of contempt entered.
Per Curiam
Opinion: Respondent was admitted to the practice of law by this Court on February 22, 1985, and he formerly maintained an office in Batavia. By order entered December 23, 2020, this Court suspended respondent from the practice of law for a period of two years and until further order of the Court upon his default in responding to allegations that he had neglected a client matter and failed to cooperate in the investigation of the Grievance Committee (Matter of Hackett, 192 AD3d 25, 27 [4th Dept 2020]).
In April 2022, the Grievance Committee filed a motion for an order, pursuant to Judiciary Law §§ 90 (2) and 750 (A) (3), punishing respondent for criminal contempt of court on the ground that he willfully disobeyed the aforementioned order of suspension by appearing as attorney on behalf of another person in a workers' compensation proceeding.
The motion for contempt was made returnable before this Court on June 14, 2022 and, although respondent was personally served with the motion papers on or about April 22, 2022, he failed to file a written response thereto, failed to appear on the return date, and otherwise failed to contact the Court. Accordingly, this Court finds respondent in default on the motion for contempt and deems admitted the allegations contained therein.
Respondent admits that, following his suspension from the practice of law, he failed to file with this Court within 45 days an affidavit, as required under 22 NYCRR 1240.15, certifying that he had, inter alia, notified all his clients of the suspension and returned to all his clients their legal files and other property in his possession. Respondent also admits that, on or about November 8, 2021, he appeared as attorney on behalf of a former client in a workers' compensation proceeding. Respondent further admits that he thereafter failed to respond to written inquiries from the Grievance Committee regarding the matter.
We have previously held that the conduct of a disbarred or suspended attorney in failing to advise clients of a disbarment or suspension, holding oneself out as an attorney, agreeing to accept legal fees, and continuing to practice law constitutes criminal contempt of court in violation of Judiciary Law § 750 (A) (3) (see Matter of Watt, 179 AD3d 23, 24 [4th Dept 2019]; Matter of Dale, 87 AD3d 198, 200 [4th Dept 2011]).
Accordingly, based on respondent's contemptuous disregard of this Court's order of suspension and ongoing failure to participate in the disciplinary process, we impose a fine in the amount of $1,000, and we direct respondent to pay the fine within 30 days of service of the order entered herewith.