Matter of Hobaica (2024 NY Slip Op 06506)

Matter of Hobaica

2024 NY Slip Op 06506

Decided on December 20, 2024

Appellate Division, Fourth Department

Per Curiam

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., BANNISTER, MONTOUR, GREENWOOD, AND HANNAH, JJ. (Filed Nov. 22, 2024.)

&em;

[*1]MATTER OF JOSEPH M. HOBAICA, A DISBARRED ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, PETITIONER.

OPINION AND ORDER
Order of contempt entered.
Per Curiam
Opinion: Respondent was admitted to the practice of law by this Court on June 24, 2004, and formerly maintained an office in Utica. On June 3, 2009, this Court entered an order disbarring respondent upon his conviction of criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [5]), a class D felony (Matter of Hobaica, 63 AD3d 1669 [4th Dept 2009]).
In May 2024, the Grievance Committee filed a motion for an order, pursuant to Judiciary Law §§ 90 (2) and 750 (A) (3), punishing respondent for criminal contempt of court based on allegations that he willfully disobeyed this Court's order of disbarment by holding himself out as an attorney and offering to provide legal services in exchange for a fee. Respondent was personally served with the motion for contempt in early May 2024, and the motion was initially returnable before this Court in late May 2024. However, respondent requested that the Court adjourn the return date of the motion and, in late May 2024, respondent was advised that the Court had granted his request for an adjournment, adjourned the return date to September 10, 2024, and directed that any papers in response to the motion were due on July 24, 2024. However, respondent subsequently failed to file papers in response to the motion, failed to appear on the adjourned return date, and otherwise failed to contact the Court. Although respondent submitted a request for an additional adjournment after the return date, we deny that request as untimely and unwarranted under the circumstances. Accordingly, this Court finds respondent in default on the motion for contempt and deems admitted the allegations contained therein (see Matter of Taylor, 183 AD3d 100, 101 [4th Dept 2020]).
Respondent admits that, after he was disbarred in 2009, he maintained a website for a business known as "123 Credit Restoration," whereby he offered to perform "credit restoration services" for members of the public in exchange for a fee. Such services included credit score improvement, removal of negative items from credit reports, and protection from debt collectors. Respondent further admits that the website for 123 Credit Restoration and advertisements he placed on certain social media platforms misleadingly cited his legal background and prior experience as an attorney, including his statement that he was a "former bank attorney," without disclosing that he had been disbarred in 2009. Respondent admits that, in 2023, he was separately contacted by two prospective clients seeking credit restoration services. Respondent admits that, in response to the clients' inquiries, he identified himself as an attorney and collected fees from them in the amount of $299 and $499, respectively. Respondent admits that he thereafter failed to perform the promised credit restoration services and, when the clients requested a refund or complained about the lack of results, he threatened to negatively affect their credit ratings by, inter alia, reporting a collections claim against them or freezing their credit reports or bank accounts.
The conduct of a disbarred or suspended attorney in failing to advise clients of a disbarment or suspension, holding oneself out as an attorney, agreeing to accept legal fees, and continuing to engage in the practice of law constitutes criminal contempt of court in violation of Judiciary Law § 750 (A) (3) (see Matter of Watt, 179 AD3d 23, 24 [4th Dept 2019]; Matter of Dale, 87 AD3d 198, 200 [4th Dept 2011]). In addition, we have previously held that a disbarred attorney who fails to disclose their disbarment under circumstances warranting such disclosure has improperly held themselves out as an attorney and engaged in criminal contempt (see Matter of Bernstein, 40 AD3d 138, 139-140 [4th Dept 2007]).
Based on respondent's admissions in this case, we conclude that he held himself out as an attorney, including his use of the title of attorney, in contemptuous disregard of this Court's order of disbarment. Although the Grievance Committee alleges that respondent misleadingly used the title of attorney to induce clients to pay him legal fees for credit restoration services, we decline to reach the issue whether such services constitute the practice of law inasmuch as the record is [*2]insufficient to make that determination. Accordingly, we impose a fine in the amount of $1,000 and direct respondent to pay the fine within 30 days of service of the order entered herewith.